IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUUL LABS, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>THE UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED IN SCHEDULE A, )<br>)<br>*Defendants*. )<br>) | Case No. 1:19-cv-1126<br>Hon. Liam O'Grady |

## MEMORANDUM OPINION

This matter came before the Court on Plaintiff's *ex parte* Motion for Temporary Restraining Order. Dkt. 10. Plaintiff alleges that Defendants "are knowingly and intentionally promoting, advertising, marketing, retailing, offering for sale, distributing, and selling counterfeit products bearing the famous and distinctive [Juul] Trademarks." Dkt. 11. Defendants are unknown individuals identified by their eBay seller ID or store name in Schedule A. Dkt. 7.

Plaintiff requested that the Court issue a temporary restraining order freezing the assets of each of the Defendants' PayPal accounts and permit limited expedited discovery directed to eBay and PayPal. Dkt. 10. The lack of identification for the Defendants and the need to prevent Defendants from removing their assets beyond the jurisdiction of the Court necessitated the *ex parte* motion.

For the reasons that follow and for good cause shown, the Court granted Plaintiff's motion.

## I. LEGAL STANDARD

A grant of temporary injunctive relief requires the movant to establish four factors: (1) the likelihood of irreparable harm to the plaintiff if the TRO is denied; (2) the likelihood of harm to the defendants if the TRO is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## II. DISCUSSION

Plaintiff established that all four *Winter* factors favored granting the TRO.

### A. **Likelihood of Irreparable Harm**

In a trademark case in which the likelihood of success is clearly established, irreparable harm follows as a matter of course. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) ("[W]e recognize that irreparable injury regularly follows from trademark infringement."). There is a strong likelihood that Plaintiff will succeed on the merits (see *infra*). In addition, Plaintiff would be irreparably harmed absent a TRO because Defendants would have the incentive and capacity to transfer their assets from any accounts within the United States, depriving Plaintiff of the ability to obtain monetary relief. This factor therefore favored granting the TRO.

### B. **Harm to Defendants**

Defendants are unlikely to suffer any cognizable harm from the TRO as they would merely be prevented from profiting from past infringement and moving their funds beyond the reach of the Court. *Cf. Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008) (holding that any harm a defendant would suffer by being prevented from deliberately infringing a plaintiff's

trademark does not alter the balance of hardship analysis). This factor thus weighed in favor of granting the TRO.

### C. Likelihood of Success on the Merits

Plaintiff is likely to succeed on the merits of all four of its claims: (a) trademark counterfeiting, (b) trademark infringement, (c) trademark dilution, and (d) false designation of origin.

To prevail on their claim for trademark counterfeiting, Plaintiff must prove that the Defendants (1) intentionally used a counterfeit mark in commerce; (2) knowing that the mark was counterfeit; (3) in connection with the sale, offering for sale, or distribution of goods; and (4) the use of the counterfeit mark was likely to confuse or deceive. 15 U.S.C. § 1114(1); *Match.Com, L.L.C. v. Fiesta Catering Int'l, Inc.*, 2013 WL 428056, at *6 (E.D. Va. Jan. 31, 2013). Plaintiff provided evidence that Defendants are selling products bearing counterfeit Juul Labs marks. *See* Compl. Ex. 2. Defendants likely know that their products are counterfeit as they price their products far below genuine JUUL pods' prices. *See United States v. Zayyad*, 741 F.3d 452, 463 (4th Cir. 2014) (noting that prices well below wholesale suggest awareness or deliberate indifference that goods were counterfeit). Finally, there is a presumption of likelihood of confusion where a party sells counterfeit goods. *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987). Plaintiff has thus shown likelihood of success on the merits for its trademark counterfeiting claim.

To prevail on a claim for trademark infringement, Plaintiff must prove that (1) Plaintiff owns a valid and protectable trademark and (2) Defendants' use of a colorable imitation of that trademark is likely to confuse consumers. *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006). Plaintiff's marks are well known and registered throughout the world. The

3

federal registration of Plaintiff's trademarks is at least *prima facie* evidence of the validity and protectability of Plaintiff's trademarks. 15 U.S.C. § 1115. As noted above, there is also a presumption of likelihood of confusion in this case due to Defendants' sale of counterfeit goods. *Polo Fashions*, 816 F.2d at 148. Plaintiff has thus shown a likelihood of success on the merits for its trademark infringement claim.

To prevail on a claim of trademark dilution, Plaintiff must prove that (1) its marks are famous, (2) its marks are distinctive, (3) Defendants used the marks in commerce, (4) Defendants' use began after the marks became famous, and (5) Defendants' use is likely to cause dilution of the distinctive quality of the mark. *See* 15 U.S.C. § 1125(c)(1). For the reasons noted above and based on a review of the Complaint exhibits, Plaintiff has established a likelihood of success in establishing elements one through four. Element five is established as a matter of law by Defendants' use of counterfeit marks. *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 434 (2003) ("[D]irect evidence of dilution such as consumer surveys will not be necessary if actual dilution can reliably be proved through circumstantial evidence-the obvious case is one where the junior and senior marks are identical."). Plaintiff has thus shown a likelihood of success on the merits for its trademark dilution claim.

Plaintiff has also shown a likelihood of success on the merits of its false designation of origin claim because Plaintiff has established a likelihood of success on the merits on its trademark infringement claim. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (noting that the test for false designation of origin is the same as for trademark infringement: likelihood of confusion).

D.   **Public Interest**

Finally, the public's interest underlying the prohibition of trademark infringement is to prevent consumer confusion and deception. *See AMP, Inc. v. Foy*, 540 F.2d 1181, 1185 (4th Cir. 1976). Trademark infringement deceives consumers and there is a "public interest in making the misconduct unprofitable." *Synergistic Int'l*, 470 F.3d at 175. This factor therefore also favored granting the TRO.

September 13, 2019  
Alexandria, Virginia

Liam O'Grady  
United States District Judge